UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BURR V. DEITZ,

                    Plaintiff,

          -against-                                    1:05-CV-0676
                                                        (LEK/RFT)

TRUSTCO BANK; UNITED STATES; and
INTERNAL REVENUE SERVICE

                    Defendants.

_____

**MEMORANDUM-DECISION AND ORDER**

        Presently before this Court is Plaintiff Burr V. Deitz's ("Plaintiff") order to show cause

seeking a preliminary injunction to prevent Trustco Bank ("Trustco") from turning over funds

contained in Plaintiff's accounts to the Internal Revenue Service ("IRS") in response to a notice

of levy or other administrative directive sent by the IRS without a court order.  Dkt. No. 3.  For

the following reasons, Plaintiff's request for a preliminary injunction is denied.

**I.      BACKGROUND**

        Plaintiff brought this action seeking relief from Defendant IRS's efforts to collect sums of

money allegedly due as a result of a tax deficiency for 2002.  Complaint (Dkt. No. 1) at ¶ 16.

According to Plaintiff's complaint, on April 2, 2004, the IRS sent Plaintiff a letter requesting that

he send the IRS $5,913.89, comprising owed taxes, interest and penalties for the year 2002.  Id.

Plaintiff states that he did not file a tax return for 2002.  Id.  On April 30, 2004, Plaintiff sent a

letter to the IRS requesting the answers to six questions designed to help Plaintiff determine his

1

taxable income.  Id. at ¶ 17.  Plaintiff believes that the United States and the IRS are without

jurisdiction to collect taxes from him and that he is withholding his taxes until the United States

addresses his prior petitions for redress of grievances and the questions submitted to the IRS in

his April 30, 2004 letter.  Id. at ¶¶ 22-25.

      On May 20, 2005, Plaintiff received a notice of levy from the IRS against his assets.  Id.

at ¶ 19.  The IRS also served Trustco with a notice of levy, which required it to remit $6,631.35

of Plaintiff's deposits to satisfy his tax deficiency.  Id.  By letter dated May 24, 2005, Plaintiff

was notified by Trustco that Plaintiff's account was frozen, that Trustco was immediately taking

$100.00 from the account as an assessment, and on June 14, 2005 would turn over $250.00 to the

IRS.  Id. at ¶ 20.  Plaintiff brought this suit on June 1, 2005, alleging that the United States and

the IRS "have failed to address Plaintiff's Petitions for Redress of Grievances and subsequently

conspired with [Trustco] to retaliate against the Plaintiff in violation of the First and Fourteenth

Amendments of the Constitution," and that Plaintiff has been "denied due process and has been

subjected to unreasonable search and seizure in violation of the Fourth, Fifth, and Fourteenth

Amendment to the United States Constitution."  Complaint (Dkt. No. 1) at ¶¶ 2-3.  Plaintiff

requests that this Court enter an order directing the return of any moneys turned over to the IRS

by Trustco in response to a notice of levy and permanently prohibiting and enjoining the IRS

from threatening Trustco with action for failure to comply with a notice of levy and enjoining

Trustco from complying with any IRS Notice of Levy.  Id. at ¶ 5.  On June 14, 2005, Trustco

responded to the IRS levy by submitting a check in the amount of $250.00 to the IRS.  Response

(Dkt. No. 9) at 1.[1]

Plaintiff currently seeks a preliminary injunction preventing the IRS from abusing its authority and an order preventing Trustco from complying with any notice of levy that is not backed by an order from a court of competent jurisdiction.  Deitz Aff. (Dkt. No. 3) at ¶ 1.

## II.    DISCUSSION

   a.    The Anti-Injunction Act

The standard a court must utilize in considering whether to grant a request for preliminary injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in Covino v. Patrissi, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Id. at 77; see also Roucchio v. LeFevre, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.).

In addition, the Anti-Injunction Act withdraws jurisdiction from the state and federal courts from entertaining suits to restrain the assessment or collection of any tax.  26 U.S.C. § 7421.  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."[2]  Id.; see also Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995).  Under the Anti-Injunction Act,

---

   [1]  The Government submitted a response to the order to show cause which also requested that this case be dismissed due to it being moot.  Response (Dkt. No. 9) at 1.  As Plaintiff's complaint seeks the return of funds already collected, the Court finds that the case is not moot.  If the Government wishes to make a motion to dismiss, such a motion must comply with Northern District of New York Local Rule 7.1.

   [2]  There are several exceptions expressly provided in 26 U.S.C. § 7421(a), none of which are applicable in the present case.

3

the United States is permitted "to assess and collect taxes alleged to be due without judicial

intervention, and to require that the legal right to the disputed sums be determined in a suit for

refund.  In this manner the United States is assured of prompt collection of its lawful revenue."

Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962); see also Bob Jones Univ. v.

Simon, 416 U.S. 725, 736-37 (1974).

The Supreme Court has created only one judicial exception to the Anti-Injunction Act,

which permits the district court to grant injunctive relief if a taxpayer establishes that: "(1) under

the most liberal view of the law and facts in favor of the government, the government cannot

succeed on the merits of the claim, and (2) equitable jurisdiction exists because the taxpayer may

suffer irreparable harm and does not have an adequate remedy at law."  Mullings v.

Commissioner, 1996 U.S. Dist. LEXIS 11554, at *10 (E.D.N.Y. July 24, 1996) (citing Enochs,

370 U.S. at 8).  Plaintiff has the burden of pleading and proving facts to show that the judicial

exception is applicable.  See Comm'r v. Shapiro, 424 U.S. 614, 628 (1976).

     b.    Application to the Anti-Injunction Act

Plaintiff's attempt to enjoin the IRS from enforcing its levy against him falls squarely

with the prohibition of the Anti-Injunction Act.  Plaintiff contends that the Anti-Injunction Act is

not a bar to the injunctive relief requested because of his belief that the IRS's assessment of taxes

was a retaliatory act imposed as a result of Plaintiff's exercise of his First Amendment right to

petition the government for redress of grievances.  Complaint (Dkt. No. 1) ¶¶ 50-53.[3]  This Court

---

    [3]  Plaintiff also asserts that a notice of levy is merely "an administrative request" and that a
court order is required before the IRS can force a taxpayer to turn over personal property.
Complaint (Dkt. No. 1) at ¶ 26.  This assertion is incorrect.  "The constitutionality of the levy
procedure . . . 'has long been settled.'"  United States v. Nat'l Bank of Commerce, 472 U.S. 713, 721
(1985) (quoting Phillips v. Comm'r, 283 U.S. 588, 595 (1931) ("Where, as here, adequate
opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to
secure prompt performance of pecuniary obligations to the government have been consistently

finds that Plaintiff has failed to meet the required showing for the judicial exception.

First, Plaintiff misunderstands the impact of alleging that the IRS acted with a bad faith, non-tax related motive. Such allegations do not render the Anti-Injunction Act inapplicable. In Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974), while the Supreme Court recognized that the taxpayer plaintiff was alleging that the IRS was acting outside its lawful authority and violating the taxpayer's rights to free exercise of religion and free association, the Court concluded that allegation "ignored the fact that the [taxpayer] had not shown that the [IRS's] action was without an independent basis in the requirements of the Code." Id. at 740. The Court explained that if the IRS action represents "a good faith effort to enforce the technical requirements of the tax laws," other additional motives for its actions do not eliminate the prohibition in the Anti-Injunction Act. Id. Thus, despite the taxpayer's efforts to circumvent the restrictions of the Anti-Injunction Act by attributing a non-tax-related purpose to the IRS's actions, the Supreme Court concluded that the Act did apply and proceeded to determine if the request for injunctive relief qualified for an exception to the Act. Id. at 748-49.

Plaintiff simply cannot establish that "under no circumstances could the Government ultimately prevail." Enochs, 370 U.S. at 7. Plaintiff's assertions that the United States and IRS are without jurisdiction to tax him fail to meet this substantial burden. Plaintiff has cited no authority for his proposition that it is permissible to withhold taxes until the Government satisfactorily addresses his Petition for Redress of Grievances. As in Bob Jones, therefore, regardless of any additional improper non-tax related purpose, Plaintiff has not and cannot

---

sustained.")); see also Hughes v. IRS, 62 F. Supp. 2d 796, 799 (E.D.N.Y. 1999). Plaintiff's refusal to pay the taxes the IRS determined he owed empowered the IRS to validly file a levy upon his property and wages without the need of judicial enforcement. See United States v. Rodgers, 461 U.S. 677, 681-82 (1983).

demonstrate that the IRS's assessment and levy do not reflect "a good faith effort to enforce the technical requirements of the tax laws." Bob Jones, 416 U.S. at 740.

Furthermore, the Court finds that Plaintiff has not established that equitable jurisdiction otherwise exists. Namely, the Plaintiff has an adequate remedy at law, a suit for refund after he has made full payment, including penalties and interest. Greenhouse v. United States, 738 F. Supp. 709, 713 (S.D.N.Y. 1990) (citing Magnone v. United States, 902 F.2d 192, 193 (2d Cir. 1900)). Here, Plaintiff may fully pay his assessed tax liability, file a claim for a refund with the IRS and, if the claim is denied, he may file a complaint in district court or the court of claims for a refund. See Follum v. United States, 1999 U.S. Dist. LEXIS 4036, at *11 (W.D.N.Y. March 5, 1999). Once a tax deficiency has been assessed by the IRS, the only recourse is to fully pay the tax and sue for a refund. Falik v. United States, 343 F.2d 38, 42 (2d Cir. 1965) ("[A] person whose sole claim is that a federal tax assessment was not well grounded in fact and law must pay first and litigate later."). Economic injury, even to the point of financial "ruination of the taxpayer's enterprise" will not allow a party to escape application of the Anti-Injunction Act. Enochs, 370 U.S. at 6; Greenhouse, 738 F. Supp. at 713.

For all these reasons, the Plaintiff has failed to establish the existence of an exception to the Anti-Injunction Act and the Plaintiff's request that the United States be enjoined from levying on Plaintiff's bank accounts or pursuing any other collection activities is precluded by the Anti-Injunction Act. Therefore, the request for the preliminary injunction is denied.

III.    **CONCLUSION**

Accordingly, it is hereby

ORDERED that Plaintiff's motion for a preliminary injunction is **DENIED**; and it is further

6

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:        August 03, 2005
              Albany, New York


_____
        Lawrence E. Kahn
        U.S. District Judge