UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BURR V. DIETZ,

                              Plaintiff,

   -v.-                                                                   1:05-CV-0676
                                                                                         (LEK/RFT)

TRUSTCO BANK,
UNITED STATES OF AMERICA, *and*
INTERNAL REVENUE SERVICE,

                              Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

Before the Court is a Motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), filed by Defendants United States of America and Trustco Bank ("Defendants") on November 18, 2005. Defs.' Mot. to Dismiss (Dkt. No. 15). Plaintiff Burr V. Deitz ("Plaintiff") responded in opposition to this Motion on January 9, 2006. Pl.'s Resp. (Dkt. No. 17).

### I. BACKGROUND

According to the Complaint, Plaintiff had a checking account with Trustco Bank ("Trustco"), in which he deposited approximately $1100 per month and received monthly deposits of $914 from the Social Security Administration. Compl. ¶ 14. Plaintiff states that he did not file a 2002 federal tax return. Id. ¶ 16. On April 2, 2004, the Internal Revenue Service ("IRS") sent Plaintiff a letter demanding $5,913.89 as corrected taxable income for 2002. Id. Defendant did not

---

[1] For printed publication by the Federal Reporters.

1

pay any amount and sent a letter to the IRS on April 30, 2004, demanding that "the IRS answer six questions, designed to help Deitz determine his taxable income, if any." Id. ¶ 17. On November 29, 2004, Plaintiff received another notice demanding payment of his unpaid account in the amount of $6,226.50. Id. ¶ 18. On May 20, 2005, Plaintiff received a notice of levy from the IRS, which informed him that the IRS had ordered Trustco to transfer $6,631.35 from his account to the IRS. Id. ¶ 19. On May 24, 2005, Trustco notified Plaintiff in writing that his account was frozen, that the account had a $350 balance, that Trustco was assessing $100, and that on June 14, 2005, Trustco would turn over the remaining balance, up to $6,631.35, to the IRS unless it received a release of levy from the IRS. Id. ¶ 20.

On June 1, 2005, Plaintiff filed this action. Compl. (Dkt. No. 1). Plaintiff maintains that since early 1999, he has been "exercising his First Amendment Right to Petition the Government for Redress of Grievances" by demanding from federal officials answers to "legitimate questions regarding, among other things, the authority of the federal government to force citizens to pay a direct, un-apportioned tax on labor . . . ." Id. ¶ 22. Plaintiff claims a constitutional right to refrain from paying taxes "until [his] grievances are redressed," and that the levy on his bank account violated his due process rights. Id. ¶¶ 24-27. He also claims a First Amendment right to receive a response to his "petitions" from the IRS. Id. ¶¶ 34-36. Plaintiff alleges that the seizure of the funds in his bank account based on a notice of levy constitutes an unreasonable seizure in violation of the Fifth Amendment. Id. ¶¶ 41-42. He also appears to argue that the IRS is seeking to collect taxes from him in retaliation for exercising his right to petition. Id. ¶ 37-40.

Along with filing the Complaint, Plaintiff filed a Motion for a temporary restraining order and an application for a preliminary injunction by way of an order to show cause, seeking to enjoin

Trustco from turning over the funds in his account to the IRS in the absence of a subsequent court order. Mot. for TRO (Dkt. No. 3). The Court issued an Order to show cause and denied the Motion for a temporary restraining order on June 2, 2008. Order to Show Cause (Dkt. No. 4). On August 3, 2005, the Court denied Plaintiff's request for a preliminary injunction. Aug. 3, 2005 Order at 1 (Dkt. No. 12).

On November 18, 2005, Defendants filed a joint Motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). Defs.' Mot. to Dismiss (Dkt. No. 15). Plaintiff responded in opposition to the Motion on July 9, 2006, and Defendants replied on July 13, 2006. Pl.'s Resp. (Dkt. No. 17); Defs.' Reply (Dkt. No. 18). The Honorable Randolph F. Treece, United States Magistrate Judge, stayed all other proceedings in this case pending this Court's decision of the instant Motion. Oct. 6, 2005 Order (Dkt. No. 20).

## II. DISCUSSION

**A. Trustco Bank**

Defendants argue that Plaintiff's claim against Trustco for a refund for the funds paid to the IRS is barred by the Internal Revenue Code, 26 U.S.C. § 6332(e), and therefore must be dismissed pursuant to Rule 12(b)(6). Defs.' Mem. of Law at 10 (Dkt. No. 15, Attach. 2); Fed. R. Civ. P. 12(b)(6). In opposition to the Motion to dismiss, Plaintiff relies on arguing that "[b]efore cooperating with th IRS by taking and turning Deitz's money over to the IRS, Trustco had a responsibility, under its own peril, to determine if it would be taking and turning Deitz's money over to the IRS in spite of constitutional restrictions." Pl.'s Resp. at 21 (Dkt. No. 17).

Internal Revenue Code § 6332(e) states the following:

3

> Effect of Honoring Levy–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332.  This section is consistently interpreted to be valid and, as it unambiguously states, it serves to protect parties who comply with an IRS notice of levy from facing liability.  See, e.g., Biegeleisen v. Ross, 164 F.3d 617 (2d Cir. 1998), 1998 WL 673189, *1, (2d Cir. Sep. 22, 1998) (unpublished table decision); U.S. v. Triangle Oil, 277 F.3d 1251, 1259 (10th Cir. 2002) (holding that §6332(e) provides immunity for a party's actions related to honoring a federal tax levy).

In his Complaint, Plaintiff states that he received a copy of the notice of levy that the IRS had transmitted to Trustco.  Compl. ¶¶ 19-20 (Dkt. No. 1).  At no point does Plaintiff suggest that Trustco interfered with his property other than pursuant to a notice of levy from the IRS.  Therefore, it is clear that Plaintiff's claim against Trustco must be dismissed pursuant to Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).

**B. United States of America**

Defendants move to dismiss the claim against the United States based on, *inter alia*, lack of subject matter jurisdiction, arguing that the injunctive relief Plaintiff seeks is barred by the Anti-Injunction Act.  Defs.' Mem. of Law at 10 (Dkt. No. 15, Attach. 2).  Plaintiff argues that the Anti-Injunction Act is inapplicable and also that it cannot be applied to this action without violating his First Amendment rights.  Compl. ¶¶ 47-53.

Plaintiff seeks to permanently enjoin the IRS from collecting taxes or taking actions related

4

thereto. Compl. ¶¶ 50-53. The claim for injunctive relief is clearly barred by the Anti-Injunction Act, which states "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . . ." 26 U.S.C. § 7421, *quoted in* Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). The Supreme Court stated that "[o]nly upon proof of the presence of two factors could the literal terms of § 7421(a) be avoided: first, irreparable injury. . . and second, certainty of success on the merits." Bob Jones Univ., 416 U.S. at 737.

Plaintiff has not alleged any circumstance that suggests he is entitled to avail himself of either of these narrow exceptions. In fact, this is exactly the sort of case that is barred by the Anti-Injunction Act. Plaintiff's arguments have been consistently rejected by courts; it is well-established that the payment of federal taxes is not a voluntary exercise or contingent upon receiving satisfactory explanation for government policies. See, e.g., id.; Kelly v. United States, 789 F.2d 94, 96-97 (1st Cir. 1986); Wilcox v. C.I.R., 848 F.2d 1007, 1008 (9th Cir. 1988). Accordingly, the claim for injunctive relief must be dismissed.

### III.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' joint Motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED,** that this case is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:    August 25, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge